**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|  |  |  |
|---|---|---|
| iGambit Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-02906-GLR |
| | ) | |
| Digi-Data Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO COUNTERCLAIM

Plaintiff/Counterclaim Defendant iGambit Inc. ("iGambit"), by and through its undersigned counsel, hereby answers the Counterclaim ("Counterclaim") filed by Defendant/Counterclaimant Digi-Data Corporation ("DDC"), and in response thereto states as follows:

### FIRST DEFENSE

The Counterclaim, and all claims therein, fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

In response to the numbered paragraphs of the Counterclaim, iGambit states as follows:

1.      iGambit admits the allegations in Paragraph 1 of the Counterclaim that DDC is a Maryland corporation.  iGambit is without sufficient information or knowledge to form a belief as to the truth as to the remaining allegation set forth in Paragraph 1 of the Counterclaim and therefore same are denied.

2.      iGambit admits the allegations in Paragraph 2 of the Counterclaim.

3.      iGambit admits the allegations in Paragraph 3 of the Counterclaim that DDC predicates jurisdiction as alleged, but denies that DDC is entitled to any relief.

4.      iGambit admits the allegations in Paragraph 4 of the Counterclaim.

5.      iGambit denies the allegations contained in Paragraph 5 of the Counterclaim and refers instead to the Agreement which is the best evidence of its contents and the terms thereof.

6.      iGambit denies the allegations contained in Paragraph 6 of the Counterclaim and refers instead to the Agreement which is the best evidence of its contents and the terms thereof.

7.       iGambit denies the allegations contained in Paragraph 7 of the Counterclaim and refers instead to the Agreement which is the best evidence of its contents and the terms thereof.

8.      iGambit admits the allegations in Paragraph 8 of the Counterclaim that on or about April 30, 2012, non-party, Titanide Ventures, LLC filed a Complaint for Patent Infringement against non-party Verizon Communications, Inc. in the United States District Court, Eastern District of Texas.  iGambit is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Counterclaim therefore denies such allegations.

9.      iGambit denies the allegations contained in Paragraph 9 of the Counterclaim and refers instead to the Agreement which is the best evidence of its contents and the terms thereof.

10.      iGambit admits the allegations in Paragraph 10 of the Counterclaim that a letter is attached to the Counterclaim as Exhibit A and that such letter was provided by DDC.  iGambit otherwise denies the remaining allegations as such letter is the best evidence of its contents.

11.      iGambit hereby incorporate their responses to Paragraphs 1 through 10 of the Counterclaim as if expressly set forth herein.

2

12.     iGambit admits the allegations in Paragraph 12 of the Counterclaim that the parties entered into the Asset Purchase Agreement, otherwise without knowledge.

13.     iGambit denies the allegations in Paragraph 13 of the Counterclaim.

14.     iGambit denies the allegations in Paragraph 14 of the Counterclaim.

15.     iGambit denies the allegations in Paragraph 15 of the Counterclaim.

## THIRD DEFENSE

iGambit asserts that it has been relieved of its obligations under the Agreement due to DDC's first material breach of the Agreement due to its failure to pay amounts due and owing to iGambit as more fully elaborated in the Complaint filed in this matter.

## FOURTH DEFENSE

iGambit asserts that it is entitled to a setoff for all damages owed to iGambit as a result of DDC's failure to pay amounts due and owing to iGambit as more fully elaborated in the Complaint filed in this matter.

## FIFTH DEFENSE

iGambit asserts that any damages claimed to have been sustained by DDC were due, in whole or in part, to its own acts and omissions.

## SIXTH DEFENSE

iGambit asserts that any damages sustained by DDC in connection with the Agreement were caused by DDC and persons and/or entities other than iGambit, and DDC is, therefore, barred from seeking recovery of such damages from iGambit.

## SEVENTH DEFENSE

iGambit asserts that DDC's claims are barred by DDC's breach of the covenant of good faith and fair dealing implicit in its Agreement with iGambit.

**EIGHTH DEFENSE**

iGambit asserts that DDC's claim for indemnification is premature because the Verizon Litigation remains pending, has not been resolved, and DDC has not suffered any damages resulting therefrom.

**NINTH DEFENSE**

iGambit asserts that DDC's alleged damages are speculative, hypothetical, remote, contingent and/or not reasonably certain and, therefore, are not recoverable.

WHEREFORE, iGambit respectfully requests that the Court dismiss the Counterclaim, award iGambit its costs, including reasonable attorneys' fees in defending against the same, and grant such other relief as the Court deems proper and just.

Respectfully submitted,

/s/ Gary C. Adler
Gary C. Adler, Esq. (Bar No. 05159)
Roetzel & Andress, LPA
600 14th Street, N.W.
Suite 400
Washington, DC  20005
Telephone:   (202) 635-0600
Facsimile:   (202) 338-6340
Email:         gadler@ralaw.com

*Attorneys for Plaintiff*
*iGambit Inc.*

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 21st day of December, 2012, a true and correct copy of the

above and foregoing *Answer to Counterclaim* was filed with the Clerk of the Court by using the

CM/ECF system which will send notice to the following counsel of record:

> Daniel D. Williams, Esq.
> Faegre Baker Daniels, LLP
> 1470 Walnut Street
> Suite 300
> Boulder, Colorado  80302

/s/ Gary C. Adler
Gary C. Adler

5