```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND


IGAMBIT INC.,                        :

      Plaintiff,                     :

         v.                          :    Civil Action No. GLR-12-2906

DIGI-DATA CORPORATION,               :

      Defendant.                     :
```

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff's, iGambit Inc. ("iGambit"), Motion for Summary Judgment. (ECF No. 23). The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons that follow, iGambit's Motion for Summary Judgment will be granted.

## I. BACKGROUND[1]

On February 23, 2006, iGambit and the Defendant, Digi-Data Corporation ("Digi-Data"), entered into an Asset Purchase Agreement governing the sale of iGambit's business assets to Digi-Data (the "Agreement"). Pursuant to the Agreement, Digi-Data agreed to pay certain ongoing commissions to iGambit in connection with the purchase of iGambit's assets. iGambit agreed to jointly and severally indemnify and hold harmless

---

[1] Unless otherwise noted, the following facts are taken from the Complaint and the parties' briefings on the instant motion, and are viewed in the light most favorable to the nonmoving party.

Digi-Data in respect of "any damage or loss resulting from any misrepresentation, breach of warranty or breach of non-fulfillment of any agreement or covenant . . . ." (Compl. Ex. 1 ["Asset Purchase Agreement"], at 35, ECF No. 1-2). iGambit represented and warranted that the intellectual property sold to Digi-Data "consists solely of items and rights that are: (1) owned by the Seller; (2) in the public domain; or (3) rightfully used by the Seller pursuant to a valid license, sublicense, consent or other similar written agreement . . . ." (Asset Purchase Agreement at 23). iGambit further warranted that it "has not infringed upon or misappropriated any Intellectual Property Rights or personal right of any person anywhere in the world." (Id.). iGambit agreed that Digi-Data

> shall have the right to set off against any payment otherwise due to [it] the amount of loss, liability or damages (including reasonable attorneys' fees and expert fees) sustained by Purchaser due to the breach . . . of any representation or warranty or other provision contained in [the] Agreement . . . .

(Id. at 10-11).

On February 22, 2012, iGambit issued a statement to Digi-Data identifying commissions payable to iGambit in the amount of $820,590. The account statement was signed by a representative of Digi-Data and returned to iGambit. In a letter dated April 24, 2012, Digi-Data acknowledged unpaid commissions payable to iGambit in the amount of $645,590. Thereafter, Digi-Data

submitted partial payments to iGambit in the amounts of $50,000 and $25,000, but subsequently failed to pay the remaining balance of $570,590.

On April 30, 2012, a third party, Titanide Ventures, LLC ("Titanide"), filed suit against Verizon Online, LLC ("Verizon") alleging patent infringement (the "Verizon Litigation").[2] In its complaint, Titanide asserted that Verizon Online Backup and Storage, a product sold by Digi-Data to Verizon, infringed Titanide's patents. The allegedly infringing product is subject to iGambit's indemnity obligations under the Agreement. By letter dated July 20, 2012, Digi-Data provided notice to iGambit of its indemnity obligations under the Agreement and of Digi-Data's intent to set off monies due from iGambit against any sums due under the Agreement.

On October 1, 2012, iGambit filed this action against Digi-Data. (ECF No. 1). In its three-count Complaint, iGambit alleges Breach of Contract (Count I), Account Stated (Count II), and Unjust Enrichment (Count III) concerning Digi-Data's failure to pay monies due to it pursuant to the Agreement. On December 3, 2012, Digi-Data filed an Answer and Counterclaim alleging Breach of Contract and seeking to invoke its right to set-off payment to iGambit in an amount equal to iGambit's indemnity

---

[2] On April 4, 2013, the Verizon Litigation was dismissed with prejudice. (Pl.'s Mot. Summ. J. Ex. 4 ["Order of Dismissal"], ECF No. 23-7).

obligation. (ECF No. 9). On May 24, 2013, iGambit moved for summary judgment as to each count of its Complaint. Digi-Data filed a Response in opposition (ECF No. 26), and iGambit filed a Reply (ECF No. 30).

## II. DISCUSSION

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; Hooven-Lewis, 249 F.3d at 265.

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (quoting Barwick v. Celotex Corp., 736 F.2d 946, 963 (4th Cir. 1984)).

Because this case arises under the Court's diversity jurisdiction, the substantive law to be considered is that of the state in which the action arose.  Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th Cir. 2013) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)).  In this case, Maryland law applies.

**B.   Analysis**

iGambit argues it is entitled to summary judgment based on Digi-Data's admission that it owes iGambit $570,590 and because any set-off amount alleged by Digi-Data was not liquidated or capable of computation prior to the discovery deadline.  Further, iGambit argues the Court should not consider Digi-Data's alleged set-off damages because Digi-Data attempts to quantify previously undisclosed unliquidated damages for the first time in its Response to iGambit's Motion for Summary Judgment.  iGambit argues even if the Court were to consider such damages, it is still entitled to summary judgment because Digi-Data falls short of establishing legitimate set-off damages.  Moreover, in the event the Court concludes the alleged set-off damages create issues of fact precluding summary judgment, iGambit consents, for the purposes of this motion and without waiving any future objection to the validity of such alleged damages and/or Digi-Data's entitlement to set-off based

thereon, to the set-off amount alleged by Digi-Data in its Response to the Motion for Summary Judgment.

Digi-Data admits the outstanding amount due to iGambit is $570,590 as of August 31, 2012 (Pl.'s Mot. Summ. J. Ex. 2 ["Request for Admissions"], Req. No. 1, ECF No. 23-5), but argues it is entitled to set off this amount by damages stemming from the Verizon Litigation. Digi-Data further admits that as of March 11, 2013, the damages incurred as a result of iGambit's breach of its indemnity obligations were not liquidated. Digi-Data states, however, that it has since liquidated much of its damages. To the extent iGambit disputes Digi-Data's entitlement to set off these damages, Digi-Data argues there remains a genuine issue of material fact. The Court disagrees.

Under Maryland law, the right to set-off "may only be exercised pursuant to statutory authority or as an incident of a court's equity jurisdiction." Cearfoss Const. Corp. v. MMSG Ltd. P'ship, 904 F.Supp. 450, 453 (D.Md. 1995) (citing Ghingher v. Fanseen, 172 A. 75, 78 (Md. 1934)). "In the absence of insolvency or some other special ground for equitable relief, the general rule is that unliquidated legal damages cannot be set off . . . ." Sinclair Ref. Co. v. Midland Oil Co., 55 F.2d 42, 47 (4th Cir. 1932) (applying North Carolina law) (citing Norwood Paper Co. v. Columbia Paper Bag Co. of Balt. City, 185 F. 454, 456 (4th Cir. 1911) (applying Maryland law)); see also

Schlens v. Poe, 97 A. 649, 657 (Md. 1916) (explaining that amounts to be set off should be liquidated and certain).

Moreover, if a party fails to provide information during discovery the party is not allowed to use that information to supply evidence on a motion unless the failure was substantially justified or is harmless.  Fed.R.Civ.P. 37(c)(1); Blankson-Arkoful v. Sunrise Sr. Living Servs., Inc., 449 F.App'x 263, 265 (4th Cir. 2011) (applying Rule 37(c)(1) to non-expert evidence). A district court has broad discretion in determining whether a party's nondisclosure of evidence was substantially justified or harmless. Blankson-Arkoful, 449 F.App'x at 265. The Court must consider five factors in exercising such discretion. Id. Those factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Id. (citing Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)).

On February 6, 2013, iGambit propounded its First Request for Production of Documents and First Set of Interrogatories. These requests sought, among other things, all documents related to the alleged damage or loss suffered by Digi-Data for which

8

Digi-Data seeks set off or indemnification and an itemized list and computation of claimed damages related to the alleged set off and Counterclaim. (Pl.'s Reply Def.'s Resp. Pl.'s Mot. Summ. J. Ex. 1 ["Request for Production"], at 5, ECF No. 30-1; Pl.'s Mot. Summ. J. Ex. 3 ["Interrogatories"], at 6, 8, ECF No. 23-6). In response, Digi-Data admits that none of the alleged damages were liquidated in amount. (Interrogatories at 6). On June 11, 2013, Digi-Data filed its Response to iGambit's Motion for Summary Judgment ("Response"), in which Digi-Data reports liquidated damages for the first time. (Def.'s Resp. Pl.'s Mot. Summ. J. ["Def.'s Resp."] at 6).

Attached to the Response is the Affidavit of Dave Crowther which outlines categories of damages including legal fees associated with both the Verizon Litigation and iGambit's indemnity obligations, and internal costs incurred in researching issues related to the Verizon Litigation. (Def.'s Resp. Ex. A, ECF No. 26-1). On June 12, 2013, one day after it filed its Response, Digi-Data supplemented its response to the Interrogatories referring iGambit to the Affidavit of Dave Crowther for an itemized list of liquidated damages. (Pl.'s Reply Def.'s Resp. Pl.'s Mot. Summ. J. Ex. 3, at 3, ECF No. 30-3).

Digi-Data failed to produce documents or responses to interrogatories to support liquidated set-off damages prior to

the filing of its Response. The itemized list of liquidated damages was a surprise to iGambit. Digi-Data's failure to produce documentary evidence to support its liquidated set-off damages prejudices iGambit because it precludes it from undertaking discovery with respect to the alleged damages. Further, Digi-Data's argument that it has been able to liquidate much of the attorney's fees and costs incurred since the dismissal of the Verizon Litigation is not sufficiently persuasive to excuse its failure to disclose those damages because the Verizon Litigation was dismissed with prejudice on April 4, 2013, prior to the discovery deadline in this case. Accordingly, the Court declines to consider the itemized list of liquidated damages.[3]

Because Digi-Data admits the outstanding amount due to iGambit is $570,590, the Court finds there is no genuine issue

---

[3] "Contract clauses that provide for the award of attorney's fees generally are valid and enforceable . . . subject to a trial court's examination of the prevailing party's fee request for reasonableness." Nova Research, Inc. v. Penske Truck Leasing Co., 952 A.2d 275, 283 (Md. 2008) (citing Myers v. Kayhoe, 892 A.2d 520, 532 (Md. 2006)). "[A] request for fees must specify the services performed, by whom they were performed, the time expended thereon, and the hourly rates charged . . . ." Long v. Burson, 957 A.2d 173, 188 (Md.Ct.Spec.App. 2008) (quoting Maxima Corp. v. 6933 Arlington Dev. Ltd. P'ship, 641 A.2d 977, 982 (Md.Ct.Spec.App. 1994)). Accordingly, even if the Court were to consider the itemized list of liquidated damages, Digi-Data failed to meet their burden of providing the Court with the necessary information to determine the reasonableness of the fees.

of material fact and iGambit is entitled to judgment as a matter of law.[4] Further, as a result of Digi-Data's present inability to prove liquidated damages with respect to iGambit's indemnity obligations, Digi-Data's Counterclaim will be dismissed without prejudice.

### III. CONCLUSION

For the reasons given above, the Court will, by separate order, GRANT iGambit's Motion for Summary Judgment (ECF No. 23) and DISMISS WITHOUT PREJUDICE Digi-Data's Counterclaim (ECF No. 9). The Clerk will be directed to close the case.

Entered this 13th day of December, 2013

/s/
_____
George L. Russell, III
United States District Judge

---

[4] iGambit is entitled to pre-judgment interest from August 31, 2012 because their damages were certain, definite, and liquidated as of that date. See First Va. Bank v. Settles, 588 A.2d 803, 807 (Md. 1991) ("the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date." (quoting Sloane, Inc. v. House & Associates, 532 A.2d 694, 702-03 (Md. 1987))).